UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRISTOPHER MCKEMIE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-5752** |
| **N. BURL CAIN, WARDEN** | **SECTION "G"(5)** |

### ORDER AND REASONS

Before the Court are Petitioner Christopher McKemie's ("Petitioner") objections[1] to the Report and Recommendation of the United States Magistrate Judge assigned to the case.[2] Petitioner, a state prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, arguing the following grounds for relief: (1) the evidence was insufficient to support his aggravated rape conviction; (2) the trial court erred in denying his motion for a new trial based on jury misconduct; and (3) trial counsel was ineffective for failing to investigate, present, and retain an expert witness.[3] The Magistrate Judge found the petition untimely and recommended that the matter be dismissed with prejudice.[4] Petitioner objects to the Magistrate Judge's recommendation.[5] After reviewing the petition, the Magistrate Judge's Report and Recommendation, the objections, the record, and the applicable law, the Court overrules Petitioner's objections and adopts the Magistrate Judge's recommendation to dismiss this action with prejudice.

---

[1] Rec. Doc. 14.

[2] Rec. Doc. 13.

[3] Rec. Doc. 14.

[4] Rec. Doc. 13.

[5] Rec. Doc. 14.

1

## I. Background

*A.     Factual Background*

On February 18, 2004, Petitioner was charged with aggravated rape of a juvenile in violation of Louisiana Revised Statute 14:42.[6] On September 13, 2006, a jury found him guilty as charged.[7] On February 12, 2007, the trial court dismissed Petitioner's motions to quash the indictment and for a new trial.[8] On the same day, the trial court granted a post-verdict judgment of acquittal finding that the evidence was insufficient to prove penetration, and therefore entered a verdict of guilty as to sexual battery.[9] On supervisory review, however, the Louisiana First Circuit Court of Appeal reversed the acquittal, holding that the lower court improperly relied upon credibility determinations rather than solely examining the sufficiency of the evidence, and reinstated the initial aggravated rape conviction.[10] On November 9, 2007, Petitioner was sentenced to life in prison for aggravated rape.[11]

Petitioner appealed his conviction and sentence, raising two issues on direct appeal: (1) the evidence was not sufficient to justify a conviction of aggravated rape and (2) the trial court erred in denying his supplemented motion for a new trial based on jury misconduct.[12] On September 11,

---

[6] State Rec., Vol. I of III, Bill of Indictment, Feb. 18, 2004.

[7] State Rec., Supp. Vol. I of I, Minute Entry, Sept. 13, 2006; State Rec., Vol. 1 of 3, Jury Verdict. Sept. 13, 2006.

[8] State Rec., Supp. Vol. I of I, Minute Entry, Feb. 12, 2007.

[9] *Id.*

[10] *State v. McKemie*, 08-KA-2093, 2009 WL 3030743, at *1 (La. App. 1 Cir. 9/11/09) (citing *State v. McKemie*, 2007-1389 (La. App. 1 Cir. 9/7/07) (unpublished)).

[11] State Rec., Supp. Vol. I of I, Minute Entry, Nov. 9, 2007; *see also* State Rec., Vol. I of III, Transcript, Nov. 9, 2007.

[12] *State v. McKemie*, 08-KA-2093, 2009 WL 3030743 (La. App. 1 Cir. 9/11/09).

2

2009, the Louisiana First Circuit Court of Appeal affirmed both the conviction and sentence.[13] On April 9, 2010, the Louisiana Supreme Court denied Petitioner's application for a writ of certiorari.[14]

On April 23, 2011, Petitioner retained IAG Law Group ("IAG") as legal counsel.[15] An affidavit from Petitioner's fiancée, Aimee Richard, states that in July 2012, she began to inquire with the Louisiana courts as to whether post-conviction pleadings had been filed on Petitioner's behalf.[16] In July 2012, Richard discovered that IAG had not filed any appeal on Petitioner's behalf.[17] In May 2013, Petitioner began to pursue legal action against IAG and the specific attorneys with whom he had dealt by sending letters and complaints to numerous state agencies and professional bodies, including the Louisiana Attorney Disciplinary Board, Louisiana Attorney General, Louisiana State Police, Georgia Governor's Office of Consumer Protection, and the State Bar of Georgia's Consumer Assistance Program.[18]

On February 17, 2014, Petitioner filed an application for post-conviction relief with the state trial court, arguing that he received ineffective assistance of counsel.[19] The application was denied as untimely on March 26, 2014.[20] On April 21, 2014, Petitioner filed a related writ

---

[13] *Id*.

[14] *State v. McKemie*, 09-K-2215 (La. 4/9/10); 31 So.3d 382.

[15] Rec. Doc. 3-2, at 25–30.

[16] *Id*. at 39–40.

[17] *Id*.

[18] Rec. Doc. 3-1 at 54–58; Rec. Doc. 3-2, at 1–7.

[19] State Rec., Vol. I of III, Uniform Application for Post-Conviction Relief, Feb. 17, 2014.

[20] State Rec., Vol. I of III, District Court Order denying post-conviction relief, signed Mar. 26, 2014.

3

application in the Louisiana First Circuit Court of Appeal,[21] which was also denied as untimely on July 28, 2014.[22] On April 15, 2014, he filed a supervisory writ application with the Louisiana Supreme Court,[23] which was denied as untimely on August 28, 2015.[24]

On October 21, 2015, Petitioner filed a federal application for habeas corpus relief.[25] In his petition, Petitioner asserts the following grounds for relief: (1) the evidence was not sufficient to support his conviction for aggravated rape; (2) the trial court erred in denying his motion for new trial based on juror misconduct; and (3) trial counsel was ineffective for failing to investigate, present a defense, and retain an expert witness.[26] The State filed a response and memorandum in opposition arguing that the federal application is untimely, or alternatively that the first two claims are procedurally defaulted and the third claim fails on the merits.[27] Petitioner filed a reply to that response in which he concedes that his federal application was not filed in a timely manner, but argues that he is entitled to equitable tolling because IAG misrepresented itself and failed to adequately pursue his interests.[28]

---

[21] State Rec., Vol. III of III, Louisiana First Circuit Writ Application No. 14-KW-0610, Apr. 21, 2014; Supplemental Vol. I of I, *State v. McKemie*, 14-KW-0610 (La. App. 1 Cir. July 28, 2014) (unpublished writ ruling).

[22] *Id*.

[23] State Rec., Supplemental Vol. I of I, Louisiana Supreme Court Writ Application No. 14-KH-1780 with certificate of service, signed April 15, 2014 (not postmarked until August 18, 2014).

[24] *State ex rel. McKemie v. State*, 14-KH-1780 (La. 8/28/15); 175 So.3d 399.

[25] Rec. Doc. 3.

[26] *Id.*

[27] Rec. Doc. 11.

[28] Rec. Doc. 12.

## B.  Report and Recommendation Findings

On February 29, 2016, the Magistrate Judge recommended that the petition be dismissed with prejudice as untimely.[29] The Magistrate Judge found that Petitioner's filing of his habeas application on October 21, 2015, fell outside the AEDPA statute of limitations.[30] The Magistrate Judge noted that under the relevant provision of the AEDPA, codified at 28 U.S.C. § 2244(d)(1)(A), a petitioner must file a habeas corpus petition within one year of the date his conviction became final.[31] The Magistrate Judge determined that Petitioner's conviction became final on July 8, 2010, ninety days after the Louisiana Supreme Court denied his writ application.[32] As such, Petitioner was required to file his federal habeas corpus petition by July 8, 2011, unless the statute of limitations was extended through tolling.[33]

The Magistrate Judge found no basis for statutory tolling under the AEDPA.[34] The statutory tolling provision of the AEDPA, codified at 28 U.S.C. § 2244(d)(2), provides that "the time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."[35] The Magistrate Judge noted that Petitioner concedes he had no pending applications before the state courts during the relevant period.[36] Therefore, the

---

[29] Rec. Doc. 11.

[30] Rec. Doc. 13 at 7.

[31] *Id.* at 6.

[32] *Id.* at 6–7.

[33] *Id.* at 7.

[34] *Id.*

[35] 28 U.S.C. § 2244(d)(2).

[36] Rec. Doc. 13 at 7.

5

Magistrate Judge reasoned that Petitioner is not entitled to any statutory tolling pursuant to § 2244(d)(2).[37]

The Magistrate Judge also found that Petitioner is ineligible for equitable tolling.[38] The Magistrate Judge noted that while the AEDPA's statute of limitations is subject to equitable tolling,[39] a petitioner is only entitled to equitable tolling if he can demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented untimely filing."[40] The Magistrate Judge noted that Petitioner waited more than nine months after the finalization of his conviction to retain assistance with his post-conviction filing, failed to confirm that filings were actually being made on his behalf, never received any copy of documents purportedly filed in any court, and, after discovering IAG had failed to file anything on his behalf, waited a year and seven months before filing for relief in state court and more than three years before filing the present federal application.[41] The Magistrate Judge determined that regardless of whether the alleged misdeeds of IAG constituted an extraordinary circumstance, Petitioner nonetheless failed to show that he pursued his rights diligently.[42]

Finally, the Magistrate Judge noted that actual innocence acts as an exception to the AEDPA statute of limitations.[43] However, the Magistrate Judge found that Petitioner failed to meet the high burden of proof imposed by the actual innocence exception.[44] The Magistrate Judge noted

---

[37] *Id.* at 8.

[38] *Id.* at 9.

[39] *Id.* (citing *Holland v. Florida*, 560 U.S. 631, 645–648 (2010)).

[40] *Id.* (quoting *Holland,* 560 U.S. at 649).

[41] *Id*. at 13–14.

[42] *Id*. at 9–17.

[43] *Id*. at 17 (citing *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013)).

that for a petitioner's actual innocence claim to succeed, it must be based upon "new reliable evidence . . . that was not presented at trial," and that demonstrates "it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt" in light of the new evidence.[45] Because Petitioner only submitted conclusory allegations about the credibility of the victim, the Magistrate Judge determined that he did not prove actual innocence.[46]

## II. Objections

### A. *Petitioner's Objection*

Petitioner objects to the Magistrate Judge's Report and Recommendation.[47] Petitioner argues that he is eligible for equitable tolling.[48] Petitioner cites *Holland v. Florida* to support the proposition that the egregiousness of IAG's professional misconduct constitutes an extraordinary circumstance warranting equitable tolling.[49] He argues that his retention of IAG prior to the July 9, 2011 filing deadline demonstrates his diligence in pursuing his rights.[50] Petitioner maintains that IAG's misconduct was "beyond his control," and that immediately after discovering its misfeasance, he began his search for assistance in filing the present habeas corpus application.[51]

---

[44] Rec. Doc. 13.

[45] *Id.* at 17 (quoting *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995)).

[46] *Id.* at 17–18, 25–26.

[47] Rec. Doc. 14.

[48] *Id.* at 2.

[49] *Id.* at 2-3 (citing *Holland,* 560 U.S. at 2563–64).

[50] *Id.* at 3.

[51] *Id.* at 5.

7

*B.     State's Opposition*

Despite receiving electronic notice of Petitioner's filing, the State of Louisiana did not file a brief in opposition to Petitioner's objection.

### III. Standard of Review

In accordance with Local Rule 73.2, this case was referred to the Magistrate Judge to provide a Report and Recommendation. A District Judge "may accept, reject, or modify the recommended disposition" of a Magistrate Judge on a dispositive matter.[52] The District Judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to."[53] A District Court's review is limited to plain error of parts of the report to which the petitioner did not properly object.[54]

### IV. Law and Analysis

*A.     AEDPA Statute of Limitations*

AEDPA establishes a one-year statute of limitations for the filing of habeas corpus applications, codified at 28 U.S.C. § 2244(d)(1), which shall run from the latest of:

> A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.[55]

---

[52] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[53] Fed. R. Civ. P. 72(b)(3).

[54] *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objection from ten to fourteen days).

[55] 28 U.S.C. § 2244(d)(1).

8

The Magistrate Judge found that only Subsection A applies here.[56] Petitioner does not object to the Magistrate Judge's finding.[57] Finding no plain error the Court applies Subsection A to the present application.

### B.    *Timeliness under Subsection A*

The Magistrate Judge found that Petitioner's conviction became final on July 8, 2010, ninety days after the Louisiana Supreme Court denied his writ application.[58] Therefore, Petitioner had until July 8, 2011, to file his federal habeas petition, unless that deadline was extended through tolling.

Petitioner's deadline for filing his habeas corpus petition was July 8, 2011.[59] Petitioner filed his petition on October 21, 2015.[60] Therefore, the Magistrate Judge determined that unless tolling applied, Petitioner's application must be dismissed as untimely.[61] Petitioner does not object to the Magistrate Judge's finding that he filed after the deadline.[62] In *Butler v. Cain*, the Fifth Circuit held that "when a habeas corpus petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final 90 days after the highest court's judgement is entered, upon the expiration of time for filing an application for a writ of certiorari with the United

---

[56] Rec. Doc. 13 at 6–7.

[57] Rec. Doc. 14.

[58] *Id.* at 6.

[59] *Id.* at 7.

[60] Rec. Doc. 3.

[61] Rec. Doc. 13 at 7.

[62] Rec. Doc. 14 at 3–4 (while Petitioner does not object to the finding that his application was filed after the deadline, he miscalculates the specific dates involved and mistakenly asserts that the date of finalization was July 9, 2010 and the deadline was July 9, 2011).

9

States Supreme Court."[63] Here, Petitioner's conviction became final on July 8, 2010, 90 days after the Louisiana Supreme Court denied his writ application on direct appeal. Under Subsection A, Petitioner had one year to file his federal habeas petition after his conviction became final. Petitioner filed his federal petition on October 21, 2010, over four years later.[64]

Therefore, finding no plain error, the Court adopts the Magistrate Judge's finding that Petitioner's application was untimely unless the filing deadline was extended through tolling.

### 1. Statutory Tolling

The Magistrate Judge found that Petitioner is not entitled to statutory tolling.[65] Petitioner does not object to the Magistrate Judge's finding that he is not eligible for statutory tolling.[66] Under the AEDPA, "the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation under this subsection."[67] Petitioner did not file any state applications for post-conviction relief prior to July 8, 2011.[68] Finding no plain error, the Court finds that Petitioner is not entitled to statutory tolling.

---

[63] *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) (citing *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003)).

[64] Rec. Doc. 3.

[65] Rec. Doc. 13.

[66] Rec. Doc. 14.

[67] 28 U.S.C. § 2244(d)(2).

[68] Rec. Doc. 13 at 7.

### 2.     Equitable Tolling

The Magistrate Judge determined that Petitioner is not entitled to equitable tolling.[69] Petitioner objects to this determination.[70] Therefore, the issue must be considered under *de novo* review.[71]

The United States Supreme Court has held that, in rare circumstances where a petitioner's habeas corpus application would otherwise be untimely, the AEDPA statute of limitations may be subject to equitable tolling.[72] To establish entitlement to equitable tolling, however, a petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."[73] A petitioner bears the burden of establishing entitlement to equitable tolling and "must demonstrate rare and exceptional circumstances warranting application of the doctrine."[74] As the Fifth Circuit has recognized, these circumstances exist "only in situations where 'the [petitioner was] actively misled . . . or [was] prevented in some way from asserting his rights.'"[75]

The State argues that equitable tolling is inappropriate because the record shows that Petitioner was not diligent in pursuing his rights.[76] The Magistrate Judge agreed with the State,

---

[69] *Id.* at 17.

[70] Rec. Doc. 14 at 2.

[71] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[72] *Holland v. Florida*, 560 U.S. 631, 645 (2010).

[73] *Id.* at 649 (internal quotation marks omitted).

[74] *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

[75] *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002) (quoting *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999)).

[76] Rec. Doc. 11 at 12–14.

finding that Petitioner was not diligent.[77] However, Petitioner objects, arguing that he was diligent in pursuing his right to petition for habeas relief.[78] Petitioner relies on the Supreme Court's decision in *Holland v. Florida* to support his assertion that he is entitled to equitable tolling.[79] Petitioner argues that he was diligent in hiring IAG to represent him, then seeking disciplinary action against IAG, and "immediately" seeking assistance in filing his habeas application after discovering IAG's inadequate representation.[80]

In *Holland v. Florida*, the petitioner's habeas corpus application was denied by the district court on untimeliness grounds.[81] There, the record reflected that the petitioner had sent consistent communications to his attorney requesting that he submit the application in a timely manner, but the attorney failed to file his habeas petition before the statutory deadline.[82] Five weeks after the filing deadline had passed, petitioner discovered that his attorney failed to file his habeas petition; he immediately drafted a *pro se* petition and submitted it to the court the very next day.[83] The petitioner then proceeded to make numerous inquiries with his attorney as to the status of that application.[84] Moreover, the petitioner made multiple failed attempts to sever his relationship with this attorney both before and after the deadline passed.[85] On appeal, the Supreme Court held that

---

[77] Rec. Doc. 13 at 9.

[78] Rec. Doc. 14 at 3–5.

[79] *See generally Id.*

[80] Rec. Doc. 14.

[81] *Holland*, 560 U.S. at 643–644.

[82] *Id.* at 636–642.

[83] *Id.* at 639–640.

[84] *Id.* at 640–642.

[85] *Id.* at 636–637, 643.

the petitioner's numerous letters to his attorney, multiple attempts to remove his attorney prior to the deadline, and immediate *pro se* preparation and filing of his application after discovering that his attorney failed to do so demonstrated diligence under the equitable tolling standard.[86]

Construing his objections broadly, Petitioner seems to argue that hiring IAG "to file [his application] and protect his rights on post conviction and federal review" serves to establish diligence under the *Holland* standard.[87] Petitioner submits that in April 2011, three months prior to his habeas deadline and the month during which IAG was retained, IAG informed him that they "would take his case all the way through post conviction and was well aware of the time limitations for federal review."[88] Even assuming misconduct by IAG,[89] the Fifth Circuit has noted that "*Holland* did not hold that attorney misconduct alone could justify equitable tolling. Rather *Holland* illustrates that a prisoner must diligently pursue his rights in the face of extraordinary circumstances."[90]

Mere reliance on legal counsel does not entitle a petitioner to equitable tolling. In *Manning v. Epps*, for example, the petitioner argued that he was entitled to equitable tolling as a result of ineffective assistance of post-conviction counsel, but the Fifth Circuit rejected this argument, holding "the act of retaining an attorney does not absolve the petitioner of his responsibility for overseeing the attorney's conduct or the preparation of the petition."[91] Here too, Petitioner cannot

---

[86] *Id.* at 653–653.

[87] *Id.* at 3.

[88] Rec. Doc. 14 at 4.

[89] I find nothing in the record support Petitioner's above assertion. This assumption is only for the sake of argument; the Court is not required to make a conclusion as to the nature of IAG's conduct for the present analysis.

[90] *Tsolainos v. Cain*, 540 F. App'x 394, 398 (5th Cir. 2013) (citing *See Holland*, 130 S. Ct. at 2565).

[91] *Manning v. Epps*, 688 F.3d 177, 184–85 (5th Cir. 2012) (quoting *Doe v. Menfee*, 391 F.3d 147, 175 (2d Cir. 2004) (Sotomayor, J.)).

rely merely on his retention of IAG to demonstrate due diligence. Petitioner's reliance on IAG does not establish his entitlement to equitable tolling.

In support of his diligence claim, Petitioner also asserts that he "filed a complaint to the Louisiana Attorney Disciplinary Board and to the Attorney General."[92] However, reporting counsel for misconduct is irrelevant to the question of diligence. Courts have consistently held that pursuing claims against counsel in lieu of pursuing habeas relief in a timely matter is not helpful in establishing diligence.[93] Here, Petitioner's reporting of IAG to numerous law enforcement authorities does not serve to establish his diligence in pursuing his rights.

Finally, Petitioner argues that he "immediately began his search for help to file this present post conviction" after discovering that IAG had not filed his petition.[94] However, nothing in the record supports this contention. Petitioner's deadline for filing a habeas application was July 8, 2011. Petitioner relies on Richards' affidavit indicating that she discovered IAG failed to file for post-conviction relief in July 2012.[95] Yet Petitioner waited until October 2015, over three years later, to file his habeas application.[96]

---

[92] Rec. Doc. 14 at 5.

[93] *See Alston v. Clarke*, 14-327, 2015 WL 5664289, at *4 (E.D. Va. Sept. 22, 2015) (Alston provided no evidence to show how the state bar complaint he filed against his attorney prevented him from pursuing his rights in federal court so as to justify equitable tolling); *Jackson v. Valenzuela*, 14-804, 2015 WL 1383583, at *3 (C.D. Cal. March 20, 2015) ("Petitioner opted to pursue pro se legal actions against counsel—first with the State Bar, then in Riverside Superior Court. Such pursuit of legal remedies against counsel—which are not themselves grounds for equitable tolling—is not indicative of diligent pursuit of his habeas claims.") (citing *Sanders v. Tilton*, 475 Fed. Appx. 118, 120 (9th Cir. 2012) (petitioner's pursuit of claims against counsel were independent of his duty to diligently pursue his habeas claims); *Hammond v. Uribe*, CV12–3234–JSL(CW), 2012 WL 7145705, at *5 n. 3 (C.D. Cal. December 14, 2012) (no equitable tolling on account of the filing and pendency of a complaint against counsel with the State Bar), order accepting 2013 WL 571788 (C.D. Cal. February 12, 2013); *Gomez v. Scribner*, Case No. 07CV283–BEN (CAB), 2008 WL 4534059, at *5–6 (S.D. Cal. Oct.6, 2008) (equitable tolling unavailable when prisoner pursued state bar claims against attorney during statutory period rather than diligently pursuing habeas claims).

[94] Rec. Doc. 14 at 5.

[95] Rec. Doc. 3-2.

[96] Rec. Doc. 3.

14

In *Holland*, the Supreme Court held that the petitioner was diligent in pursuing his rights because "the *very day* that Holland discovered that his AEDPA clock had expired due to [his attorney's] failings, Holland prepared his own habeas petition *pro se* and promptly filed it with the District Court."[97] By contrast, in *Tsolainos v. Cain*, the petitioner waited nine and a half months after the denial of his writ of certiorari by the Supreme Court before retaining an attorney and waited over eight months after discovering that his habeas petition was overdue before retaining new counsel to file his petition.[98] The Fifth Circuit held that the petitioner "failed to demonstrate sufficient diligence" because "(1) [the petitioner] waited nine and a half months after the denial of his Supreme Court writ of certiorari to formally retain post-conviction counsel; (2) after retaining [counsel, the petitioner] did not closely monitor his attorneys or oversee the preparation of his petition; and (3) after realizing his federal petition was overdue and firing [his attorneys, the petitioner] waited over eight months to file his habeas petition in federal court with new counsel."[99]

Like in *Tsolainos*, Petitioner waited approximately nine months after the AEDPA clock began running before retaining counsel. In both *Tsolainos* and the present case, the petitioners failed to closely monitor the preparation and intended submission of post-conviction filings. Furthermore, the petitioner in *Tsolainos* waited less than a year after the deadline before filing his application, whereas here, Petitioner waited over three years after discovering his attorneys had not filed his habeas petition before submitting it on his own. In the present case, Petitioner waited far too long between discovering that IAG had not filed a timely habeas application and filing the present application to establish diligence.

---

[97] *Holland*, 560 U.S. at 653.

[98] *Tsolainos*, 540 F. App'x 394, 399 (5th Cir. 2013).

[99] *Id.* at 399–400.

15

Petitioner was not diligent when he failed to act swiftly to remediate the alleged misconduct of his counsel. Accordingly, on *de novo* review, the Court finds that Petitioner is not entitled to equitable tolling.

## C.     *Actual Innocence*

Finally, the Magistrate Judge determined that Petitioner has not satisfied the requirements for a successful actual innocence claim.[100] Petitioner does not object to this findings.[101] The United States Supreme Court has established that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations."[102] To succeed in such a claim, Petitioner must present a credible actual innocence claim based on "new reliable evidence . . . that was not presented at trial," and also "must show that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt" in light of new factual evidence.[103] The Magistrate Judge determined that Petitioner did not meet this rigorous burden of proof, because, rather than presenting new evidence, Petitioner merely made conclusory allegations about the supposed incredibility of the evidence presented at trial.[104] Accordingly, finding no plain error, the Court hereby denies Petitioner a timeliness exception based on actual innocence.

---

[100] Rec. Doc. 13.

[101] Rec. Doc. 14.

[102] *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013).

[103] Rec. Doc. 13 at 17.

[104] *Id.* at 17–18.

16

## V. Conclusion

Because Petitioner's habeas corpus application was filed after the deadline established by AEDPA and is ineligible for statutory tolling, equitable tolling, or use of the actual innocence exception, the Court hereby dismisses the application with prejudice as untimely. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections are **OVERRULED**;

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Report and Recommendation issued by the Magistrate Judge and **DISMISSES** Petitioner's claims **WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA,** this  28th day of July, 2017.

*[signature]*

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**