**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CHRISTOPHER MCKEMIE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-5752** |
| **DARREL VANNOY, WARDEN** | **SECTION: "G"(5)** |

**ORDER AND REASONS**

Before the Court is Petitioner Christopher McKemie's ("McKemie") Motion for Rule 60(b) Relief,[1] wherein he requests relief from the Court's July 28, 2017 Judgment, dismissing with prejudice his petition for federal habeas corpus relief.[2] For the reasons discussed in more detail below, the Court finds that McKemie has not established entitlement to relief from the Court's Judgment dismissing his claims as time-barred. Under *Jackson v. Lumpkin*,[3] the Court lacks jurisdiction to consider McKemie's claims because he had not obtained authorization from the Fifth Circuit Court of Appeals to file a successive motion for post-conviction relief. Alternatively, even assuming that the motion can be considered a true Rule 60(b) motion, McKemie has not demonstrated that he is entitled to relief under Rule 60(b) because McKemie has not met the rigorous burden of proof imposed under the actual-innocence exception. Accordingly, having considered the motion, the record, and the applicable law, for the reasons that follow, the Court dismisses the motion.

---

[1] Rec. Doc. 26.

[2] Rec. Doc. 16.

[3] *Jackson v. Lumpkin*, 25 F.4th 339, 341 (5th Cir. 2022).

## I. Background[4]

On February 18, 2004, McKemie was charged in the 32nd Judicial District Court for Terrebonne Parish with aggravated rape of a juvenile in violation of Louisiana Revised Statute 14:42. The alleged victim of the crime was McKemie's stepdaughter, M.M. On September 13, 2006, a non-unanimous jury found him guilty as charged.

On February 12, 2007, the trial court dismissed McKemie's motions to quash the indictment and for a new trial. On the same day, the trial court granted a post-verdict judgment of acquittal finding that the evidence was insufficient to prove penetration, and therefore entered a verdict of guilty as to sexual battery. On supervisory review, however, the Louisiana First Circuit Court of Appeal reversed the acquittal, holding that the lower court improperly relied upon credibility determinations rather than solely examining the sufficiency of the evidence, and reinstated the initial aggravated rape conviction.[5] On November 9, 2007, McKemie was sentenced to life in prison for aggravated rape.

McKemie appealed his conviction and sentence, and on September 11, 2009, the Louisiana First Circuit Court of Appeal affirmed both the conviction and sentence.[6] On April 9, 2010, the Louisiana Supreme Court denied McKemie's application for a writ of certiorari.[7]

On February 17, 2014, McKemie filed an application for post-conviction relief with the state trial court, which was denied as time-barred on March 26, 2014. McKemie filed a related writ

[4] The following background derives from the Report and Recommendation issued by Magistrate Judge North and adopted by this Court on July 28, 2017. *See* Rec. Docs. 13, 15.

[5] *State v. McKemie*, 2007-1389 (La. App. 1 Cir. 9/7/07) (unpublished).

[6] *State v. McKemie*, 08-KA-2093, 2009 WL 3030743 (La. App. 1 Cir. 9/11/09).

[7] *State v. McKemie*, 09-K-2215 (La. 4/9/10); 31 So. 3d 382.

application in the Louisiana First Circuit Court of Appeal, which was also denied as time-barred on July 28, 2014.[8] He then filed a supervisory writ application with the Louisiana Supreme Court, which was denied as time-barred on August 28, 2015.[9]

On October 21, 2015, Petitioner filed a federal application for habeas corpus relief.[10] On July 28, 2017, the Magistrate Judge issued a Report and Recommendation recommending that the petitions be dismissed as time-barred.[11] This Court adopted that recommendation on July 28, 2017, and dismissed the petitions with prejudice as time-barred.[12] On August 9, 2017, McKemie filed a Notice of Appeal.[13] On April 23, 2018, the United States Fifth Circuit Court of Appeals denied McKemie's Motion for a Certificate of Appealability.[14]

On February 19, 2025, McKemie filed a motion before the Fifth Circuit seeking authorization to file a second or successive habeas petition raising the following claims: (1) new evidence established his factual innocence; (2) the state court's determination that the suppression of a police report did not violate *Brady v. Maryland*[15] was an unreasonable application of clearly established federal law; and (3) his trial counsel rendered ineffective assistance.[16] On May 22,

---

[8] *State v. McKemie*, 14-KW-0610 (La. App. 1 Cir. July 28, 2014) (unpublished writ ruling).

[9] *State ex rel. McKemie v. State*, 14-KH-1780 (La. 8/28/15); 175 So. 3d 399.

[10] Rec. Doc. 3.

[11] Rec. Doc. 13.

[12] Rec. Docs. 15, 16.

[13] Rec. Doc. 18.

[14] Rec. Doc. 25.

[15] 373 U.S. 83 (1963).

[16] *In re McKemie*, Case No. 25-30077, Motion for Leave to File Second or Successive Habeas Petition (Rec. Doc. 2) (5th Cir. Feb. 19, 2025).

2025, the Fifth Circuit denied McKemie's motion seeking authorization to file a second or successive habeas petition.[17] The Fifth Circuit found that McKemie had not made the requisite showing that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence," and the underlying facts, "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."[18] After the Fifth Circuit denied authorization to file a successive petition, McKemie filed the instant Rule 60(b) motion in this Court, asserting that relief is warranted based on the same new evidence.[19]

## II. Parties' Arguments

### *A. McKemie's Arguments in Support of Rule 60(b) Motion*

McKemie moves the Court for relief from its July 28, 2017 Order and Judgment dismissing his claims as time-barred.[20] McKemie asserts that he is not asserting a new claim, which would require leave from the Fifth Circuit.[21] Instead, he suggests that he is seeking relief under Rule 60(b) to reopen the Court's determination that his earlier claim was procedurally barred.[22] McKemie argues that relief is warranted under Rule 60(b) because the motion is based on new evidence that

---

[17] *In re McKemie*, Case No. 25-30077, Order Denying Motion for Leave to File Second or Successive Habeas Petition (Rec. Doc. 23) (5th Cir. May 22, 2025).

[18] *Id.* (quoting 28 U.S.C. § 2244(b)(2)(B)).

[19] Rec. Doc. 26-1.

[20] Rec. Doc. 26-1 at 2.

[21] *Id.* at 25.

[22] *Id.*

shows he is innocent of the crime.[23] McKemie contends he has discovered the following new evidence corroborating his claim of factual innocence: (1) a police report discovered in 2019, which he argues undermines the credibility of the victim and her mother; and (2) a June 2020 report from Dr. Jason Adams, which he asserts undermines the plausibility of the victim's accusations.[24]

In light of this newly discovered evidence supporting his claim of factual innocence, McKemie asserts this Court should reopen his original habeas proceeding.[25] McKemie argues that his claim of actual innocence is cognizable and provides a direct ground for relief on federal habeas.[26] McKemie contends he has established his innocence because the only evidence the State offered against him—the testimony of MM and Dr. Benton—have been equally discredited by newly discovered evidence.[27] According to McKemie, MM's credibility is called into question by the suppressed Houma Police Department report, in which McKemie argues that M.M. and her mother lied to law enforcement by falsely claiming to have seen McKemie at Mulberry Elementary School. McKemie also argues that Dr. Benton's testimony is discredited by Dr. Adam's report.[28] Excluding this evidence, McKemie contends there is no evidence remaining against him to show

---

[23] *Id.* at 26.

[24] *Id.* at 27.

[25] *Id.* at 39.

[26] *Id.*

[27] *Id.* at 40.

[28] *Id.* at 41.

that he penetrated M.M.[29] In light of this new evidence of innocence, McKemie argues that this Court should reopen the original habeas proceeding.[30]

McKemie asserts this Court has authority to grant relief under Rule 60(b) because he is not challenging the Court's determination of the merits of his habeas claims, because this Court has never reviewed the merits of those claims.[31] Rather, McKemie contends he is challenging the determination that his claims were procedurally barred.[32] Thus, he argues that his motion should not be construed as an improper successive habeas petition.[33] Finally, McKemie contends that this case demonstrates extraordinary circumstances that warrant relief under Rule 60(b).[34]

### ***B. The State's Response***

The State did not file a response to McKemie's motion, despite receiving electronic notice of the filing.

## III. Legal Standard

Federal Rule of Civil Procedure 60 regulates the procedures by which a party may obtain relief from a final judgment. Rule 60(b) provides that a court "may relieve a party . . . from a final judgment, order, or proceeding" for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

---

[29] *Id.*

[30] *Id.*

[31] *Id.* at 43.

[32] *Id.*

[33] *Id.*

[34] *Id.* at 43–45.

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by any opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.[35]

"Motions under Rule 60(b) are directed to the sound discretion of the district court, and its denial of relief upon such motion will be set aside on appeal only for abuse of that discretion."[36]

Rule 60(b) has been used to reopen a judgment in a habeas corpus proceeding. However, in the habeas context a court must evaluate the motion carefully to determine whether it actually is a successive habeas corpus application governed by the special procedures of 28 U.S.C. § 2244 rather than a Rule 60(b) motion. This is because the Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes strict limitations on successive habeas petitions. "As a result of the difficulty in being able to file those petitions, state prisoners occasionally 'use Rule 60(b) motions to evade AEDPA's limitations on successive habeas petitions."[37] Rule 60(b) motions that actually "present habeas 'claims' should be treated as successive habeas petitions subject to the strictures of" 28 U.S.C. § 2244(b).[38] Otherwise, "use of Rule 60(b) would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar."[39]

---

[35] Fed. R. Civ. P. 60(b).

[36] *Seven Elves v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981).

[37] *Vasquez v. Lumpkin*, No. 22-70009, 2023 WL 2238995, at *2 (5th Cir. Feb. 24, 2023) (quoting *Jackson*, 25 F.4th at 340).

[38] *Jackson*, 25 F.4th at 340.

[39] *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005).

Based on these concerns, the Supreme Court has guided that a federal district court only has jurisdiction to consider a Rule 60(b) motion in habeas proceedings if the motion attacks "some defect in the integrity of the federal habeas proceedings," and "not the substance of the federal court's resolution of a claim on the merits."[40] One example of such a defect is "[f]raud on the federal habeas court."[41] On the other hand, if a Rule 60(b) motion advances a new claim or attempts to attack the federal court's previous resolution of a claim on the merits, then the motion will be treated as a successive habeas petition.[42]

## IV. Analysis

In 2017, the Court dismissed McKemie's habeas petition with prejudice finding that it was not timely filed. McKemie now seeks to reopen the habeas proceeding under Rule 60(b) based on new evidence, which he contends shows he is actually innocent of the crime. McKemie asserts this Court has authority to grant relief under Rule 60(b) because he is not challenging the Court's determination of the merits of his habeas claims. Rather, McKemie contends he is challenging the determination that his claims were procedurally barred.

The Fifth Circuit's decision in *Jackson v. Lumpkin* guides the Court's analysis of whether McKemie's motion can be considered a true Rule 60(b) motion or a successive habeas petition.[43] The district court dismissed Jackson's original habeas petition as time-barred.[44] Jackson subsequently sought authorization from the Fifth Circuit to file two successive habeas petitions

---

[40] *Id.*

[41] *Id.* at 532, n.5.

[42] *Id.* at 532–33.

[43] *Jackson*, 25 F.4th at 339.

[44] *Id.*

based on the newly discovered evidence, and the Fifth Circuit denied both motions.[45] Thereafter, Jackson moved for relief from the judgment in the district court under Rule 60(b), arguing that new evidence supported his innocence.[46] The district court held that Jackson's Rule 60(b) motion was in substance a successive habeas petition and found that it lacked jurisdiction absent prior authorization by the Fifth Circuit.[47]

The Fifth Circuit affirmed this determination.[48] Although a Rule 60(b) motion does not present a habeas claim if it "merely asserts that a previous ruling which precluded a merits determination [such as a statute-of-limitations bar] was in error," the Fifth Circuit found no basis for Jackson to argue that the district court's original ruling that the petition was time-barred was in error.[49] According to the Fifth Circuit, Jackson's argument that new evidence established his actual innocence "has nothing to do with the correctness of the district court's 2010 statute-of-limitations ruling. It has everything to do with 'presenting new evidence in support of . . . claim[s] already litigated.'"[50]

*Jackson* appears to control the outcome here. McKemie's original habeas petition was dismissed with prejudice as time-barred.[51] McKemie then sought authorization from the Fifth Circuit to file a successive habeas petition based on new evidence allegedly establishing his factual

---

[45] *Id.*

[46] *Id.* at 340. Jackson also raised ineffective assistance of counsel and prosecutorial misconduct claims. *Id.*

[47] *Id.*

[48] *Id.*

[49] *Id.* at 341.

[50] *Id.* (quoting *Gonzalez*, 554 U.S. at 531).

[51] Rec. Docs. 15, 16.

innocence.[52] After the Fifth Circuit denied authorization to file a successive petition, McKemie filed the instant Rule 60(b) motion in this Court, asserting that relief is warranted based on the same new evidence.[53] McKemie has not presented any basis to argue that this Court's original ruling that the petition was time-barred was in error. McKemie's argument that new evidence established his actual innocence "has nothing to do with the correctness of the district court's [2017] statute-of-limitations ruling. It has everything to do with 'presenting new evidence in support of . . . claim[s] already litigated.'"[54] Therefore, McKemie has not shown that this Court has jurisdiction to consider this claim absent prior authorization from the Fifth Circuit.[55]

Even assuming that McKemie's motion can be considered a true Rule 60(b) motion, he has not demonstrated that relief is warranted because he has not met the rigorous burden of proof imposed under the actual-innocence exception. In *McQuiggin v. Perkins*, the United States Supreme Court held that a habeas petitioner may overcome the expiration of AEDPA's statute of limitations if he can establish "actual innocence."[56] However, the Court cautioned that "tenable actual-innocence gateway pleas are rare: A petitioner does not meet the threshold requirement

[52] *In re McKemie*, Case No. 25-30077, Motion for Leave to File Second or Successive Habeas Petition (Rec. Doc. 2) (5th Cir. Feb. 19, 2025). McKemie also raised a *Brady* claim and ineffective assistance of counsel claim. *Id.*

[53] Rec. Doc. 26-1.

[54] *Jackson*, 25 F.4th at 341 (quoting *Gonzalez*, 554 U.S. at 531).

[55] District courts in the Fifth Circuit faced with a second or successive habeas motion have the discretion to transfer the motion to the Fifth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631 "in the interests of justice" or dismiss the motion for lack of jurisdiction. See *Jackson*, 25 F.4th at 342 (affirming transfer order); *United States v. Hartzog*, 444 Fed. App'x 63, 65 (5th Cir. 2011) (per curiam) ("If a second or successive section 2255 motion is filed in the district court before leave of this Court has been obtained, the district court may either dismiss the motion for lack of jurisdiction, or it may transfer the motion to this Court."). Here, the Fifth Circuit has already denied McKemie authorization to file a successive habeas petition based on the exact same new evidence at issue in the instant motion. Given this history, the interest of justice favors dismissing the habeas petition for lack of jurisdiction, rather than transferring it to the Fifth Circuit.

[56] *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."[57] A successful actual-innocence claim requires "new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial."[58]

In support of his claim of actual innocence, McKemie relies on a December 2, 2004 police report that the State did not disclose before trial. The police report contains witness statements by M.M. and her mother describing how they allegedly saw McKemie at M.M.'s school while McKemie was on bond awaiting trial in his case. McKemie asserts that the police report could have been used to damage the credibility of M.M. and her mother at trial, because McKemie proved during a bond revocation hearing that he was working a 10-hour shift in Luling on December 2, 2024. Although it is undisputed that the defense did not receive a copy of the police report before trial, the information contained in the police report is not "new" as the issue of McKemie allegedly going to M.M's school was discussed during the bond revocation hearing and during McKemie's trial. Moreover, even if the police report could have been used to undermine M.M. and her mother's credibility, new evidence of actual innocence must be "material, not merely cumulative or impeaching."[59] The police report does not show that McKemie was actually innocent of aggravated rape.

McKemie also presents a report dated June 22, 2020, by Dr. Jason Adams, a board certified doctor of Obstetrics and Gynecology, who reviewed the trial testimony and medical records of

---

[57] *Id.* (internal quotation marks omitted).

[58] *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

[59] *See Vega v. Johnson*, 149 F.3d 354, 364 (5th Cir. 1998); *Lucas v. Johnson*, 132 F.3d 1069, 1076 n.3 (5th Cir. 1998).

M.M. that were introduced at trial.[60] At trial, Dr. Scott Benton testified that M.M.'s delayed disclosure of abuse would have allowed any injury to heal, and it was not unusual that she would appear without injury despite allegations of years of traumatic sexual abuse.[61] Dr. Adams's report confirms that Dr. Benton's testimony was "supported by the medical literature" as "it would be unlikely to find any evidence of sexual abuse two years after the last act of alleged abuse."[62] Nevertheless, Dr. Adams opines that "there were opportunities to identify signs of acute sexual abuse, *i.e.* abuse occurring within 72 hours of the alleged act."[63] Considering the evidence of the lack of any such noticeable injury by the mother, caregivers, or doctors, McKemie asserts this evidence shows he did not commit aggravated rape.

It is unclear whether Dr. Adams's report can be considered "new evidence." There is a circuit split concerning what constitutes "new" evidence. "The nature of the split over 'new' is based on whether the evidence must be 'newly discovered' or 'newly presented.'"[64] The Fifth Circuit has not weighed in on this issue.[65] Dr. Adams's report could not be considered "newly discovered" evidence because it was created to support McKemie's most recent post-conviction relief application and merely reflects an opinion based on the evidence that was known and presented at trial.[66] "Evidence does not qualify as 'new' under the *Schlup* actual-innocence

[60] Rec. Doc. 26-4 at 522.

[61] *Id.* at 523.

[62] *Id.*

[63] *Id.*

[64] *Fratta v. Davis*, 889 F.3d 225, 232 (5th Cir. 2018) (recognizing circuit split).

[65] *Id.* ("This court has yet to weigh in on the circuit split concerning what constitutes 'new' evidence. . . . We still need not weigh in on that discussion because the ballistic report is not 'new' under either standard.").

[66] *Albrecht v. Horn*, 485 F.3d 103, 126 (3d Cir. 2007) (holding that the *Schlup* standard not satisfied where ample evidence of guilt has not been discredited despite new expert opinion that conflicts with expert opinion provided

standard if 'it was always within the reach of [petitioner's] personal knowledge or reasonable investigation.'"[67] Even if the report could be considered "new evidence," the report merely undermines the reliability of the State's expert. Dr. Adams's report does not prove that McKemie was innocent of aggravated rape.

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." "A COA [Certificate of Appealability] will issue only if the requirements of [28 U.S.C.] § 2253 have been satisfied."[68] Section 2253(c) permits issuance of a COA when "a petitioner has made a 'substantial showing of the denial of a constitutional right.'"[69] "Under this standard, when a district court denies habeas relief by rejecting constitutional claims on their merits, 'the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'"[70] When the district court denies the petition on procedural grounds without reaching the merits, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial

---

at trial); *Boyde v. Brown*, 404 F.3d 1159, 1168 (9th Cir. 2005) ("the mere presentation of new psychological evaluations [not presented at trial] does not constitute a colorable showing of actual innocence"); *Bannister v. Delo,* 100 F.3d 610, 618 (8th Cir. 1996) ("putting a different spin on evidence that was presented to the jury does not satisfy the requirements set forth in *Schlup*.").

[67] *Hancock v. Davis*, 906 F.3d 387, 390 (5th Cir. 2018) (quoting *Moore v. Quarterman*, 534 F.3d 454 (5th Cir. 2008)).

[68] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

[69] *Id.* (quoting 28 U.S.C. § 2253(c)).

[70] *McGowen v. Thaler*, 675 F.3d 482, 498 (5th Cir. 2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[71]

The Court dismisses McKemie's Rule 60 motion on procedural grounds. Specifically, the Court finds it lacks jurisdiction to consider McKemie's claims because he did not obtain authorization from the Fifth Circuit Court of Appeals before filing what is, in substance, a successive motion for post-conviction relief. Jurists of reason would not find it debatable whether the Court was correct in its procedural ruling. Alternatively, even assuming that the motion can be considered a true Rule 60(b) motion, McKemie has not demonstrated that he is entitled to relief under Rule 60(b). As discussed above, McKemie has not met the heavy burden of showing that he is actually innocent of aggravated rape, and jurists of reason would not find the issue debatable. Accordingly, a certificate of appealability is not warranted.

## V. Conclusion

For the foregoing reasons, the Court finds that McKemie has not established entitlement to relief from the Court's Order and Judgment dismissing his claims as time-barred. Under *Jackson v. Lumpkin*,[72] the Court lacks jurisdiction to consider McKemie's claims because he had not obtained authorization from the Fifth Circuit Court of Appeals to file a successive motion for post-conviction relief. Alternatively, even assuming that the motion can be considered a true Rule 60(b) motion, McKemie has not demonstrated that he is entitled to relief under Rule 60(b). McKemie has not met the rigorous burden of proof imposed under the actual-innocence exception. Accordingly,

---

[71] *Id.* (quoting *Slack*, 529 U.S. at 484).

[72] *Jackson*, 25 F.4th at 341.

**IT IS HEREBY ORDERED** that the Petitioner Christopher McKemie's Motion for Rule 60(b) Relief[73] is **DISMISSED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this 28th day of August, 2026.

Nannette Jolivette Brown

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

[73] Rec. Doc. 26.